Christopher A. Slater, OSB # 97398
cslater@slaterross.com
Michael J. Ross, OSB # 91410
mjross@slaterross.com
710 S.W. Madison Street, Suite 400
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DISTRICT

| | |
|---|---|
| DAVID W. FUHS and HAROLD SPRADLING, Derivatively on Behalf of GALENA BIOPHARMA, INC., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Case No.: 3:15-cv-1465-SI |
| MARK J. AHN, WILLIAM L. ASHTON, RICHARD CHIN, STEPHEN S. GALLIKER, SANFORD J. HILLSBERG, STVEN A. KRIEGSMAN, RUDOLPH NISI, and MARK W. SCHWARTZ, | : <br> : <br> : <br> : <br> : |
| Defendants, | : |
| and | : Case No.: 3:14-cv-382-SI <br> : LEAD |
| GALENA BIOPHARMA, INC., | : |
| Nominal Defendant. | : 3:14-cv-514-SI <br> : 3:14-cv-516-SI |
| In re GALENA BIOPHARMA INC. DERIVATIVE LITIGATION | : <br> : <br> : |
| This Document Relates To ALL ACTIONS | : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**JOINT UNOPPOSED MOTION TO CONSOLIDATE RELATED DERIVATIVE**
<u>**ACTIONS AND APPOINT ADDITIONAL LEAD PLAINTIFF**</u>

## **TABLE OF CONTENTS**

                                                                                                                                                   **Page**

I.     INTRODUCTION ................................................................................................................. 1

II.    FACTUAL BACKGROUND ............................................................................................... 2

III.   ARGUMENT ......................................................................................................................... 3

         A.       The Court Should Consolidate the Fuhs and Klein Actions ................................... 3

         B.       The Court Should Appoint Plaintiff Fuhs to Serve as Co-Lead
                  Plaintiff With Lead Plaintiff Klein ......................................................................... 4

IV.   CONCLUSION ...................................................................................................................... 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Adams Apple, Inc.*,
   829 F.2d 1484 (9th Cir. 1987) ................................................................................................3

*Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*,
   No. 06-cv-1967, 2006 WL 3304218 (N.D. Ohio Nov. 13, 2006)............................................3

*Clark v. Thiry, et al.*,
   No. 12-cv-2074, 2014 WL 4050057 (D. Colo. Jan. 7, 2014) ...................................................4

*Dollens v. Zionts*,
   No. 01-cv-5931, 2001 WL 1543524 (N.D. Ill. Dec. 4, 2001)...................................................4

*Green Meadows Partners, LLP v. Tomkinson*,
   No. 06-cv-0091, 2006 WL 6885989 (C.D. Cal. June 6, 2006) ................................................3

*Horn v. Raines*,
   227 F.R.D. 1 (D.D.C. 2005).....................................................................................................4

*Millman v. Brinkley*,
   No. 03-cv-3831, 2004 WL 2284505 (N.D. Ga. Oct. 1, 2004) ............................................3, 4

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
   303 F. Supp. 2d 1027 (N.D. Cal. 2003) ...................................................................................3

**Rules**

Fed. R. Civ. P. 42........................................................................................................................1, 3

Lead Plaintiff Jeffrey Klein ("Klein") and plaintiffs Pratik Rathore ("Rathore"), David W. Fuhs ("Fuhs") and Harold Spradling ("Spradling," and collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Joint Motion to Consolidate Related Derivative Actions and Appoint Additional Lead Plaintiff.

## I.    INTRODUCTION

The above-captioned actions (the "Actions")[1] were brought on behalf of Galena Biopharma, Inc. ("Galena" or the "Company") against current and former members of the Company's Board of Directors (the "Board") and executive officers for breaches of fiduciary duties in connection with: (1) a secret and elaborate "pump and dump" scheme to artificially inflate Galena's stock price; (2) grants of over $6.7 million worth of off-cycle "spring-loaded" stock options by Board members to themselves and executives that are statutorily invalid; and (3) massive sales of Galena stock by insiders while they possessed material, non-public information.

Given the common questions of law and fact in the Actions, consolidation is appropriate under Federal Rule of Civil Procedure 42 ("Rule 42"). Meanwhile, the appointment of Fuhs to serve as Co-Lead Plaintiff alongside Lead Plaintiff Klein will adequately serve the interests of Galena and its public stockholders. Indeed, plaintiff Fuhs successfully obtained approximately 4,660 pages of documents pursuant to Section 220 ("Section 220") of the Delaware General Corporation Law ("DGCL") that substantiate the well-pled factual allegations in Plaintiffs' complaints. Accordingly, Fuhs is qualified to lead the consolidated action with Lead Plaintiff Klein.

---

[1] The Actions consist of *In re Galena Biopharma Inc. Derivative Litig.*, Lead Case No. 3:14-cv-382-SI (the "Klein Action") and *David Fuhs v. Mark J. Ahn, et al.*, Case No. 3:15-cv-1465-SI (the "Fuhs Action").

## II. FACTUAL BACKGROUND

The relevant factual background of the underlying claims is set out at length in Klein and Rathore's Verified Second Amended Consolidated Shareholder Derivative Complaint (the "Second Amended Complaint") [Klein Action, Dkt. 79] and Fuhs' Verified Stockholder Derivative Complaint [Fuhs Action, Dkt. 1]. Plaintiffs respectfully direct the Court to these complaints for a complete recitation of the relevant facts in the Actions. For the purposes of the instant motion, it should suffice to say the complaints filed in the Actions all seek relief derivatively on the Company's behalf for, *inter alia*, breaches of fiduciary duties and unjust enrichment by certain current and former officers and directors of Galena.

Given the Actions deal with the same factual background and claims, they should be consolidated in accordance with the Court's April 11, 2014 Order of Consolidation (the "Consolidation Order") [Klein Action, Dkt. 12]. As noted in the Court's Consolidation Order:

> Upon a finding by the Court that a related case filed subsequent to the entry of this Order properly belongs as part of In re Galena Biopharma, Inc. Derivative Litigation, Case No. 3:14-cv-00382-HU, the court will order its inclusion in this consolidation.

### Plaintiff Fuhs

In March 2014, Fuhs made a demand under Section 220 to inspect certain of the Company's books and records related to November 2013 option grants to certain executive officers and directors, January 2014 stock sales by certain officers and directors, and related matters (the "220 Demands"). Galena refused the 220 Demands. On March 18, 2014, Fuhs filed an action in the Delaware Court of Chancery to enforce his rights under Section 220. On or about April 10, 2014, the parties, including Fuhs, executed a confidentiality agreement, and from April 14, 2014 to May 29, 2014, Galena produced on a rolling basis documents responsive to the

220 Demands. Ultimately, Galena produced approximately 4,660 pages of documents. Those documents have now been used by all the Plaintiffs in these Actions.

## III.   ARGUMENT

### A.   The Court Should Consolidate the Fuhs and Klein Actions

Under Rule 42(a), when actions involve "common questions of law or fact," the Court may "join for hearing or trial any or all matters at issue in the actions; consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision whether to consolidate cases is a matter within the sound discretion of the trial court. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, No. 06-cv-1967, 2006 WL 3304218, at *2 (N.D. Ohio Nov. 13, 2006) (citation omitted). In exercising its discretion, a court should weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause. *Tacori Enters.*, 2006 WL 3304218, at *2 (citation omitted) (internal quotations omitted); *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003). *See also Green Meadows Partners, LLP v. Tomkinson*, No. 06-cv-0091, 2006 WL 6885989, at *2 (C.D. Cal. June 6, 2006) ("Consolidation is proper where the cost of defending ... multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought.") (citation omitted; internal quotations omitted). Consolidation of derivative actions is "particularly appropriate" since "the cost of defending [ ] multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought." *Millman v. Brinkley*, No. 03-cv-3831, 2004 WL 2284505, at *2 (N.D. Ga. Oct. 1, 2004) (citation omitted). Consolidation of the related Actions would avoid unnecessary costs and delays and conserve judicial resources, and there is no risk of prejudice or confusion if the Court were to consolidate

the Actions; indeed, all parties have consented to consolidation. Given the common questions of law and fact, the similar nature of the claims at issue, the overlapping areas of discovery the parties will need to undertake, and the Plaintiffs' shared interest in adjudicating the Company's right to relief, consolidation of the Actions is entirely appropriate. Moreover, consolidating the Actions would be in keeping with the Court's Consolidation Order.

### B. The Court Should Appoint Plaintiff Fuhs to Serve as Co-Lead Plaintiff With Lead Plaintiff Klein

In considering the appointment of lead plaintiffs in shareholder derivative actions, courts typically focus on whether any particular movant will most adequately serve the interests of the derivative plaintiffs and the nominal defendant. *Millman*, 2004 WL 2284505, at *3; *Dollens v. Zionts*, No. 01-cv-5931, 2001 WL 1543524, at *2 (N.D. Ill. Dec. 4, 2001) (courts should appoint a derivative lead plaintiff that "is likely to benefit the plaintiffs most."). While appointment of a lead plaintiff may not be required by statute, courts across the country regularly appoint lead plaintiffs in derivative actions. *See* Consolidation Order at 3 (appointing Klein as Lead Plaintiff); *Horn v. Raines*, 227 F.R.D. 1 (D.D.C. 2005) (appointing co-lead plaintiffs in a derivative action); *Clark v. Thiry, et al.*, No. 12-cv-2074, 2014 WL 4050057 (D. Colo. Jan. 7, 2014) (appointing lead plaintiff in a derivative action).

Plaintiff Fuhs has demonstrated his adequacy to serve as Co-Lead Plaintiff. Indeed, Fuhs has demonstrated that he has the skill and sophistication to understand the issues presented in the Actions as Fuhs is a sophisticated and experienced investor. Fuhs' initiative to seek documents and file an action under Section 220 also demonstrates his commitment as a fiduciary representative of the Company. Fuhs, like Klein, can fairly and adequately represent Galena and its stockholders and he has and intends to continue to vigorously prosecute the Actions.

Accordingly, plaintiffs in the Actions respectfully request that the Court appoint Fuhs as Co-Lead Plaintiff to serve with Lead Plaintiff Klein.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order: (i) consolidating the Actions; and (ii) appointing Fuhs as Co-Lead Plaintiff.

Dated:  August 7, 2015                                    Respectfully submitted,

**SLATER ROSS**

/s/ Christopher A. Slater
Christopher A. Slater, OSB # 97398
Michael J. Ross, OSB # 91410
Sovereign Hotel, 4th Floor
710 S.W. Madison Street
Portland, Oregon  97205
Telephone: (503) 227-2024
Facsimile: (503) 224-7299
cslater@slaterross.com
mjross@slaterross.com

*Local Counsel for Plaintiffs*

**THE WEISER LAW FIRM, P.C.**
Robert B. Weiser
Brett D. Stecker
22 Cassatt Avenue, First Floor
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062
rw@weiserlawfirm.com
bds@weiserlawfirm.com

**THE WEISER LAW FIRM, P.C.**
Kathleen A. Herkenhoff
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone:  (858) 794-1441
Facsimile:  (858) 794-1450
kah@weiserlawfirm.com

**HYNES KELLER &**
  **HERNANDEZ, LLC**
Michael J. Hynes
Ligaya Hernandez
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Telephone: (610) 994-0292
Facsimile: (914) 752-3041
mhynes@hkh-lawfirm.com
lhernandez@hkh-lawfirm.com

**FEDERMAN & SHERWOOD**
William B. Federman
Sara E. Collier
10205 N Pennsylvania Ave
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
sec@federmanlaw.com

**FARUQI & FARUQI, LLP**
Nadeem Faruqi
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile: (212) 983-9331
nfaruqi@faruqilaw.com

*Counsel for Plaintiffs Klein and Rathore*

**PRICKETT, JONES & ELLIOTT, P.A.**
Michael Hanrahan
Paul A. Fioravanti, Jr.
Kevin H. Davenport
1310 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 888-6500
Facsimile: (302) 658-8111
MHanrahan@Prickett.com
PAFioravanti@Prickett.com
KHDavenport@Prickett.com

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Eric L. Zagar
Robin Winchester
Matthew A. Goldstein
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (267) 948-2512
ezagar@ktmc.com
rwinchester@ktmc.com
mgoldstein@ktmc.com

**GRANT & EISENHOFER P.A.**
Stuart Grant
Cynthia Calder
123 Justison Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
sgrant@gelaw.com
ccalder@gelaw.com

**GARDY & NOTIS, LLP**
James S. Notis
Tower 56
126 East 56th Street, 8th Floor
New York, NY 10022
Telephone: (212) 905-0509
Facsimile: (212) 905-0508
jnotis@gardylaw.com

**SQUITIERI & FEARON LLP**
Lee Squitieri
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
lee@sfclasslaw.com

*Counsel for Plaintiffs Fuhs and Spradling*