# EXHIBIT 1

Jeffrey Ratliff
rgilbertson@qwestoffice.com
**RANSOM GILBERTSON MARTIN
& RATLIFF, LLP**
1500 NE Irving Street, Suite 412
Portland, Oregon 97232
Tel: 503-226-3664
*Liaison Counsel for Plaintiffs*

Patrick V. Dahlstrom
Leigh Handelman Smollar
pdahlstrom@pomlaw.com
lsmollar@pomlaw.com
**POMERANTZ LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

Laurence M. Rosen
lrosen@rosenlegal.com
Phillip Kim
pkim@rosenlegal.com
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
Tel: 212-686-1060
*Co-Lead Counsel for Plaintiffs*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| IN RE GALENA BIOPHARMA, INC. SECURITIES LITIGATION, | **CASE No.:3:14-cv-00367-SI**<br><br>**AMENDED STIPULATION OF SETTLEMENT** |

27886313.v2

This Amended Stipulation and Agreement of Settlement (the "Settlement Stipulation"), dated February __, 2016, is submitted in the above-captioned Action pending in the United States District Court for the District of Oregon.  Subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Settlement Stipulation is made and entered into by and among (a) Lead Plaintiffs Kisuk Cho, Anthony Kim, Pantelis Lavidas, and Joseph Buscema ("Lead Plaintiffs"), and plaintiff Alan Theriault ("Theriault"), together with Lead Plaintiffs, the "Plaintiffs"), and (b) Defendants Galena Biopharma, Inc., Mark J. Ahn, Ryan M. Dunlap, Remy Bernarda, Steven Kriegsman, Richard Chin, Stephen S. Galliker, Rudolph Nisi, Sanford J. Hillsberg, and dismissed defendant Mark W. Schwartz (the "Settling Defendants," and with Plaintiffs, the "Settling Parties"), through their respective counsel of record in the Action. The parties to this Settlement Stipulation (including the Plaintiffs and the Settling Defendants) shall collectively be referred to as the "Settling Parties."

This Settlement Stipulation is intended by the Parties to fully, finally and forever compromise, resolve, discharge, release and settle the Released Plaintiffs' Claims (as defined herein), and to dismiss this Action against the Settling Defendants with prejudice, upon the terms and subject to the conditions set forth below without any admission or concession as to the merits of any claim or defense by the Parties.

WHEREAS, on March 5, 2014, a putative class action complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 was filed in this Court against Galena Biopharma, Inc., Mark J. Ahn, Ryan M. Dunlap, and Mark W. Schwartz styled *Deering v. Galena Biopharma Inc. et al*, 11-cv-00367-SI (D. OR.) ("*Deering*"), on behalf of all persons who purchased or otherwise acquired Galena common stock between November 6, 2013 and February 14, 2014;

WHEREAS, following the filing of *Deering*, the following securities class actions were filed against, *inter alia*, defendants Galena, Ahn, Dunlap, and Schwartz (with *Deering*, the "Securities Actions"):

- *Hau v. Galena Biopharma, Inc. et al*, 14-cv-00389-SI (D. OR. March 10, 2014);

- *Clavijo v. Galena Biopharma, Inc. et al*, 14-cv-00410-SI (D. OR. March 12, 2014);

- *Jang v. Galena Biopharma, Inc. et al*, 14-cv-00435-SI (D. OR. Mar. 17, 2014); and

- *Baya v. Galena Biopharma, Inc. et al*, 14-cv-558-SI (D. OR. Apr. 4, 2014).

WHEREAS, several actions brought derivatively in the name of Galena were filed against certain of the Galena Defendants in this Court, Oregon state court, and the Delaware Court of Chancery over certain of the alleged misconduct giving rise to the claims in the Securities Actions (the "Derivative Actions");

WHEREAS, on May 5, 2014, pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), Lead Plaintiffs, among other competing movants, filed a motion (the "Lead Plaintiff Motion") for consolidation of the Securities Action, for appointment as lead plaintiffs in this case and for the Court's approval of their choice of counsel, The Rosen Law Firm, P.A., and Pomerantz, LLP, as lead counsel ("Lead Counsel") and Ransom, Gilbertson, Martin & Ratliff, LLP as liaison counsel ("Liaison Counsel" and, together with Lead Counsel, "Plaintiffs' Counsel");

WHEREAS, on October 3, 2014, the Court granted the Lead Plaintiff Motion in full, consolidating the Securities Actions into the action re-styled *In re Galena Biopharma, Inc. Securities Litigation*, Case No. 3:14-cv-00367-SI;

WHEREAS, on October 31, 2014, Lead Plaintiffs and additional representative plaintiff Theriault filed their Consolidated Class Action Complaint For Violations of the Federal Securities Laws (the "Consolidated Complaint") against the Settling Defendants, as well as Defendants The DreamTeamGroup n/k/a DreamTeamNetwork, Thomas Meyer, Michael McCarthy, Lidingo Holdings LLC, and Milla Bjorn (a/k/a Kamilla Bjorlin) (the "Promoter Defendants," and with the Settling Defendants, the "Defendants"), on behalf of an expanded class consisting of all persons who purchased or otherwise acquired Galena's common stock between August 6, 2013 and May 14, 2014, inclusive (the "Class", and the "Class Period");

WHEREAS, on January 9, 2015, the Settling Defendants filed three Motions to Dismiss the Consolidated Complaint;

WHEREAS, on March 2, 2015, the Settling Parties and the Settling Defendants' insurers ("D&O Insurers") attended an all-day mediation before The Hon. Layn R. Phillips, U.S.D.J. (ret.), and though unsuccessful, the Settling Parties continued settlement discussions;

WHEREAS, on March 6, 2015, Plaintiffs filed their Omnibus Opposition to the Settling Defendants' Motions to Dismiss;

WHEREAS, on April 3, 2015, the Settling Defendants filed their Replies in further support of their Motions to Dismiss;

WHEREAS, on April 28, 2015, the Court heard oral arguments on the Settling Defendants' Motions to Dismiss;

WHEREAS, on May 12, 2015, the Promoter Defendants filed their Motions to Dismiss the Consolidated Complaint;

WHEREAS, on May 27, 2015, Plaintiffs filed their Opposition to the Promoter Defendants' Motions to Dismiss;

27886313.v2

WHEREAS, on June 9, 2015, and June 10, 2015, the Promoter Defendants filed their Replies in further support of their Motions to Dismiss;

WHEREAS, on August 8, 2015, the Court entered an order granting in part and denying in part the Settling Defendants' Motions to Dismiss, dismissing all claims against Mark Schwartz, and granting Plaintiffs leave to amend;

WHEREAS, on September 19, 2015, the Settling Parties and the D&O insurers again appeared for an all-day mediation before Judge Phillips. The September 19, 2015 Mediation was unsuccessful, but the Settling Parties continued settlement discussions in earnest, including through direct communications between Galena, its executives and Defense counsel, and Plaintiffs' counsel, and through extensive communications with Judge Phillips;

WHEREAS, on September 29, 2015, Plaintiffs informed the Court that they would not file an amended complaint;

WHEREAS, on November 6, 2015, Judge Phillips issued a confidential Mediator's Proposal to settle the Action as between the Settling Parties reflecting the mediator's independent assessment of a fair and reasonable settlement considering the parties' respective positions as to the merits, and possible limitations on the Settling Defendants' ability to satisfy any judgment (should one be entered), particularly given a dispute with and reservation of rights by the D&O Insurers;

WHEREAS, the Settling Parties each separately accepted the Mediator's Proposal and, on December 3, 2015, the Settling Parties executed a Memorandum of Understanding (the "MOU") providing for a settlement of the Settling Plaintiffs' claims, individually and on behalf of the Class, against the Settling Defendants;

WHEREAS, the Settlement set forth in this Settlement Stipulation is the product of

extensive, arm's-length settlement negotiations that were facilitated by an experienced mediator, Judge Phillips;

WHEREAS, while Plaintiffs and their counsel believe they can prove that the Settling Defendants committed acts and/or omissions that subject them to liability under the federal securities laws, they nevertheless enter into this Settlement to obtain the significant benefits the Settlement will provide while, at the same time, eliminating the uncertainties, burden, risk, and expense of further litigation of the Action, and mindful of problems of proof of, and possible defenses to, the federal securities law violations asserted in the Action, including, but not limited to, proof of the Settling Defendants' state of mind, causation, and damages. Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Settlement Stipulation confer substantial immediate benefits upon the Class, are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims raised in the Action pursuant to the terms and provisions of this Settlement Stipulation;

WHEREAS, while the Settling Defendants have denied, and continue to deny, all allegations of wrongdoing, fault, liability or damage to Plaintiffs and the Class and would have continued to resist vigorously Plaintiffs' claims and would have continued to assert defenses thereto, the Settling Defendants are, nevertheless, entering into this Settlement to eliminate the uncertainties, burden, risk and expense of further litigation; this Settlement Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants have asserted, or could have asserted, in the Action;

WHEREAS, without admitting the strengths or weaknesses of any claims or defenses, the

27886313.v2

Settling Parties have agreed to the Settlement set forth herein;

NOW, THEREFORE, IT HEREBY IS STIPULATED AND AGREED, among Plaintiffs, on behalf of themselves and each of the other Class Members, by and through their duly authorized counsel, and the Settling Defendants, by and through their duly authorized counsel, that subject to the approval of the Court, this Action against the Settling Defendants hereby will be settled, compromised, and dismissed on the merits with prejudice, on the terms and conditions set forth in this Settlement Stipulation dated as of February 1, 2016.

## I.      DEFINITIONS

1.      As used in this Settlement Stipulation and the exhibits annexed hereto, the following terms have the following meanings unless this Settlement Stipulation or an exhibit provides otherwise, and in addition to the terms defined in the Recitals to this Settlement Stipulation:

(a)      "Action" means the above-captioned action styled *In re Galena Biopharma, Inc. Securities Litigation*, Case No. 3:14-cv-00367-SI, pending in the United States District Court for the District of Oregon.

(b)      "Authorized Claimant" means any Class Member (or the representative of such Class Member including, without limitation, its agents, administrators, executors, heirs, successors, and assigns) who (i) timely returns a valid and signed Proof of Claim to the Claims Administrator, (ii) whose Proof of Claim is not rejected, and (iii) who is entitled to a distribution from the Settlement Fund Escrow Account pursuant to the terms and conditions set forth in this Settlement Stipulation and the Plan of Allocation.

(c)      "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by federal law to be closed.

(d)     "Claims Administrator" means KCC Class Action Services, which shall administer the Settlement, including sending a mailed Notice to Class Members, arranging for publication of Notice, and processing claims filed after the entry of the Final Judgment, and such other administrative functions required under this Settlement Stipulation.

(e)     "Class" means all persons or entities that purchased or otherwise acquired Galena's common stock between August 6, 2013 and May 14, 2014, both dates inclusive. Excluded from the Class are the Settling Defendants, all current and former directors of Galena, any family member, trust, company, entity, or affiliated with or controlled by, or owned by any of the excluded persons or entities referenced above, and any persons who timely exclude themselves from the Settlement.

(a)     "Class Member" means a member of the Class.

(b)     "Class Notice and Administration Escrow Fund" means the funds deposited into the Class Notice and Administration Fund Escrow Account to pay Class Notice and Administration Expenses.

(c)     "Class Notice and Administration Fund Escrow Account" means an interest bearing escrow account established by the Claims Administrator to receive funds for the payment of Class Notice and Administration Expenses.

(d)     "Class Notice and Administration Expenses" means all reasonable costs associated with providing notices to the Class and the administration of the Settlement, including, without limitation, the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the settlement upon presentation of customary invoices therefor.

(e)     "Court" means the United States District Court for the District of Oregon.

8

(f)     "Court of Appeals" means the United States Court of Appeals for the Ninth

Circuit.

(g)     "Effective Date" has the meaning set forth in Paragraph 48.

(h)     "Escrow Accounts" mean, collectively, the Class Notice and Administration Fund

Escrow Account and the Settlement Fund Escrow Account.

(i)     "Escrow Agent" means Huntington Bank.

(j)     "Exchange Act" means the Securities Exchange Act of 1934, as amended.

(k)     "Execution Date" means the date on which this Settlement Stipulation has been

executed by all Parties.

(l)      "Fee and Expense Award" means such amounts as may be awarded by the Court

to Plaintiffs' Counsel to be paid from the Settlement Fund to compensate Plaintiffs' Counsel for

its efforts on behalf of the Class and reimburse it for its expenses in connection with their

prosecution of this the Action, which may include some or all of the following:  (i) an award of

attorneys' fees, (ii) reimbursement of expenses incurred in connection with prosecuting the

Action, including, without limitation, expenses attributable to experts and/or consultants retained

by Plaintiffs' Counsel, and (iii) interest on such attorneys' fees and expenses at the same rate as

earned by the Settlement Fund Escrow Account, from the date the Court orders such award until

the dates paid from the Settlement Fund Escrow Accounts.

(m)     "Final," with respect to any Court order, including but not limited to the

Judgment, means (i) the date of final affirmance of the Judgment in its entirety on an appeal of

the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to

review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment in

its entirety following review pursuant to that grant; or (ii) the date of final dismissal of any

appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing of any appeal from the Court's Judgment approving the Settlement.

(n)    "Gross Settlement Fund" means the fund described in Paragraph 3 of this Settlement Stipulation.

(o)    "Immediate Family" shall mean spouse, domestic partner, parents, grandparents, children, grandchildren, uncle or aunt.

(p)    "Judgment" means the proposed Judgment and Order of Dismissal with Prejudice to be entered by the Court approving the Settlement, substantially in the form annexed hereto as Exhibit B or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

(q)    "Net Settlement Fund" has the meaning set forth in Paragraph 5 of this Settlement Stipulation.

(r)    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, substantially in the form annexed hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members, pursuant to the Preliminary Approval Order.

(s)    "Parties" means Plaintiffs, both in their individual capacities and as representatives of the Class, and the Settling Defendants.

(t)    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government entity or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

10

(u)     "Plaintiffs" mean all Class Members, including Plaintiffs, both in their individual capacities and as representatives of the Class.

(v)     "Plaintiffs' Released Parties" shall mean Plaintiffs, and/or their respective families, associates, affiliates, and each and all of their respective past and present employees, attorneys (including, but not limited to Plaintiffs' Counsel), accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Plaintiffs have a controlling interest or which is related to or affiliated with Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Plaintiffs' Released Parties were named, served with process or appeared in the Action.

(w)     "Plan of Allocation" means the terms and procedures for allocating the Net Settlement Fund among, and to, Authorized Claimants as set forth in the Notice or such other Plan of Allocation as the Court shall approve.

(x)     "Preliminary Approval Order" means the Order to be entered by the Court preliminarily approving the Settlement and providing for notice, substantially in the form annexed hereto as Exhibit A.

(y)     "Proof of Claim" means the form that will be mailed to Class Members with the Notice and pursuant to which Class Members submit a claim by completing, signing, dating, and returning it to the Claims Administrator in accordance with the procedures set forth therein. A sample Proof of Claim proposed by Plaintiffs is annexed as Exhibit 2 to Exhibit A.

(z)     "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Action and Settlement Hearing, substantially in the form attached as Exhibit 3 to

11

Exhibit A, which is to be published pursuant to the Preliminary Approval Order.

(aa)    "Qualified Settlement Fund" means a fund within the meaning of Treasury Regulations § 1.468B-1.

(bb)    "Released Parties" means the Plaintiffs' Released Parties and the Settling Defendants' Released Parties.

(cc)    "Released Plaintiffs' Claims" means any and all claims (including "Unknown Claims" as defined in Paragraph (pp) below) which were alleged or could have been alleged by Lead Plaintiffs or the Settlement Class in the Action or in any other proceeding against the Settling Defendants, or any other of the Settling Defendants' Released Parties, arising from or in any way relating to the matters or occurrences that were alleged in the Action, the structure of the Settlement including the use of Company funds or common stock of Galena to pay the Settlement, or relating to the acquisition, sale, or retention of Galena Biopharma, Inc. common stock during the Class Period.  Provided, however, that the term "Released Plaintiffs' Claims" shall not include either claims to enforce the Settlement or claims brought in any of the Derivative Actions. Further excluded from the "Released Plaintiffs' Claims" are the claims brought in the individual action styled *Hosie Kenneth Riley v. Galena Biopharma, Inc., et. al.*, 3:15-cv-01748-AC (D. Or.).

(dd)    "Released Settling Defendants' Claims" means all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Plaintiffs, Plaintiffs' Counsel and their Released

Parties, arising out of the institution, prosecution, settlement or resolution of the Action, provided however, that Settling Defendants and Settling Defendants' Released Parties shall retain the right to enforce the terms of the Settlement Stipulation.

(ee)   "Settlement" means the settlement contemplated by this Settlement Stipulation.

(ff)   "Settlement Amount" means $19.0 million in cash and $1.0 million worth of shares of Galena common stock ("Settlement Stock") to be paid in accordance with Paragraph 2 hereof.

(gg)   "Settlement Fund" means the monies deposited into the Settlement Fund Escrow Account, the Settlement Stock issued in accordance with Paragraph 2 hereof, and any residual monies held in the Class Notice and Administration Fund Escrow Account, and any interest or income earned thereon.

(hh)   "Settlement Fund Escrow Account" means an interest bearing escrow account established by the Escrow Agent to receive the amounts of funds payable pursuant to Paragraph 2 of this Settlement Stipulation.

(ii)   "Settlement Hearing" shall have the meaning set forth at Paragraph 24, as contemplated by the Preliminary Approval Order annexed hereto as Exhibit A.

(jj)   "Settlement Stipulation" means this Stipulation and Agreement of Settlement and its accompanying exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

(kk)    "Settling Defendants' Counsel" means King & Spalding LLP, Stoel Rives, LLP, Debevoise & Plimpton LLP, and Perkins Coie LLP.

(ll)    "Settling Defendants' D&O Insurers" means American International Group, Inc., Continental Casualty Company, XL Insurance, and National Union Fire Insurance Company.

(mm) "Settling Defendants' Released Parties" means Settling Defendants and all entities owned, affiliated with or controlled by them, their parents, subsidiaries, divisions, joint ventures, all current and former Galena directors, officers and employees, and each of their and Settling Defendants' respective agents, employees, members, consultants, insurers (including the Settling Defendants' D&O Insurers and their respective reinsurers), attorneys, advisors, successors, heirs, assigns, executors, personal representatives, marital communities and immediate families, or any trust of which any Defendant is the settler or which is for the benefit of any Defendant or member(s) of his or her family, and such other persons as may be identified in the Settlement Stipulation. Settling Defendants' Released Parties expressly excludes the Promoter Defendants.

(nn)    "Supreme Court" means the Supreme Court of the United States.

(oo)    "Taxes and Tax Expenses" means (i) all taxes (including any estimated taxes, interest or penalties) on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the operation and implementation of the provision in Part III.C below and the taxation of the Gross Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants related to filing the tax returns described in Part III.C below.

(pp)    "Unknown Claims" means any and all Released Plaintiffs' Claims and Released Settling Defendants' Claims of every nature and description that Plaintiffs, any Class Member, and the Settling Defendants, and each and every one of them, does not know or suspect to exist in his, her or its favor as of the Effective Date that, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement, or might have affected his, her or its decision not to object to this Settlement. Upon the Effective Date, the Settling Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of

the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in their or her favor at the time of executing the release, which if known by him or her must have materially affected their or her settlement with the debtor.

The Settling Parties shall expressly and each Class Member shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any U.S. federal or state law or principle of common law or otherwise that is similar, comparable or equivalent to California Civil Code § 1542. The Settling Parties and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' and the Released Settling Defendants' Claims, but the Settling Parties and Class Members, upon the Effective Date, by operation of the Judgment shall have expressly, fully, finally and forever settled and released, any and all Released Plaintiffs' Claims and any and all Released Settling Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## II.     THE GROSS SETTLEMENT FUND

2.      In consideration of the full and final settlement of the Released Plaintiffs' Claims, the Settling Defendants shall pay the Settlement Amount into the Settlement Fund Escrow Account as set forth herein:

(a) Within ten (10) Business Days after the Court enters a Preliminary Approval Order, the Settling Defendants shall cause Settling Defendants' D&O Insurers to collectively pay $16.7 million into the Settlement Fund Escrow Account; provided, however, that the Escrow Agent shall have provided complete wire transfer instructions to the Settling Defendants' Counsel at least three business days prior to the date of such payment.

(b) Within thirty (30) Calendar Days a before the date of the hearing on Financial Approval, the Settling Defendants shall cause Galena to pay $2.3 million into the Settlement Fund Escrow Account; provided, however, that the Escrow Agent shall have provided complete wire transfer instructions to the Settling Defendants' Counsel at least three business days prior to the date of such payment;

(c)  Within five (5) business days after the Court enters the Final Order and Judgment approving the Settlement, the Settling Defendants shall cause Galena to transfer $1.0 million of freely tradable shares of Galena common stock, valued per paragraph 2(c) below, into the Escrow Account (the "Settlement Stock"). Should Class Counsel decide after the transfer of the Galena common stock into the Escrow Account to sell any of the Settlement Stock prior to thirty (30) days following entry of the Final Order and Judgment approving the Settlement, the Class will limit daily trading to 10% of the daily volume as averaged over the previous 10 trading days before the sale.

(d)      If Galena does not disclose that it is being acquired or is engaged in discussions regarding its acquisition prior to the date of the hearing on Final Approval, the valuation of the

16

$1.0 million will be the volume-weighted average price of Galena common stock over the twenty (20) trading days immediately preceding the day before the hearing on Final Approval of the Settlement. If Galena discloses that it is being acquired or is engaged in discussions regarding its acquisition prior to the date of the hearing on Final Approval of the Settlement, the valuation of the $1.0 million common stock portion of the Settlement will be the volume-weighted average price of Galena common stock over the twenty (20) trading days immediately preceding the date of public disclosure of the acquisition or disclosure of discussions concerning the acquisition.

(e)     The Settlement Stock shall be duly and validly issued, uncertificated, fully paid, non-assessable and free from all liens and encumbrances and the Settling Parties stipulate and request the Court to order in the Final Order and Judgment, among other things, the Settlement Stock has been issued under an exemption from registration provided by Section 3(a)(10) of the Securities Act of 1933, as amended.  Galena shall issue the Settlement Stock without any restrictive legend, and the Settlement Stock shall be freely and publicly tradeable without the need to obtain any opinions of counsel or permission of Galena that the stock is unrestricted. Further, if and when needed, Galena shall provide an opinion of counsel that the Settlement Stock is exempt from registration under Section 3(a)(10) of the Securities Act of 1933, as amended. If the Court does not make such findings or Galena does not provide an opinion of counsel that the Settlement Stock is unrestricted and freely publicly tradeable, Galena will either (a) pay all expenses necessary to register and issue the Stock, or (b) substitute $1.0 million in cash in lieu of the Settlement Stock within five (5) days after the Judgment is entered by the Court.

(f)     Galena agrees to cooperate with Lead Plaintiffs to the extent necessary to permit Lead Plaintiffs to conduct reasonable additional due diligence and confirmatory discovery with

respect to the factual and legal issues in the Action, Settlement, and the fairness of its terms as set forth in the Stipulation.  Galena agrees to: (i) provide to Plaintiffs the same set of documents that Settling Defendants provided to the Securities & Exchange Commission as of the date of this MOU; and (ii) respond to up to ten interrogatories, subject to Galena's right to object on the basis of privilege, or other grounds, pursuant to the Federal Rules of Civil Procedure.

3.      The Settlement Amount as specified in Paragraph 2, together with any interest earned thereon from the date of deposit into the Escrow Accounts, shall be the "Gross Settlement Fund" and shall be the full and sole monetary contribution made by or on behalf of the Settling Defendants' Released Parties in connection with the Settlement, including with respect to the payment of Class Notice and Administration Expenses as set forth in Paragraph 10, and without limiting the generality of the foregoing in any way, all Class Notice and Administration Expenses shall be paid out of the Gross Settlement Fund (including the Class Notice and Administration Escrow Fund). Except as otherwise provided in this Settlement Stipulation with respect to payment of the Fee and Expense Award from the Gross Settlement Fund, the Settling Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary Court orders and approvals with respect to the same.

## III.     ADMINISTRATION OF THE GROSS SETTLEMENT FUND

### A.     The Escrow Agent

4.      Until such time as the Judgment becomes Final, the Escrow Agent shall invest the Settlement Amount held in the Escrow Accounts only in United States Treasury Bills with a maturity of ninety (90) days or less in an account held at a nationally recognized financial institution.   After the Judgment becomes Final, the Escrow Agent shall invest any funds in

excess of two-hundred fifty thousand dollars ($250,000) deposited into the Settlement Fund Escrow Account pursuant to Paragraph 2 in instruments backed by the full faith and credit of the government of the United States of America, and shall collect and reinvest all interest accrued thereon in the same instruments. Any funds held in the Escrow Accounts in amounts of less than $250,000 may be held in an interest bearing account insured by the Federal Deposit Insurance Corporation ("FDIC"). The Settling Defendants' Released Parties shall not have any responsibility or liability whatsoever for investment decisions. The Escrow Agent shall (a) bear all responsibility and liability for managing the Escrow Accounts and cannot assign or delegate its responsibilities without approval of the Settling Parties, and (b) bear all the risks related to investment of the Gross Settlement Fund held in the Escrow Accounts, and shall indemnify the Released Parties and hold them harmless from any losses arising from the investment or disbursement of any of such portion of the Gross Settlement Fund. Neither the Settling Defendants nor the Settling Defendants' D&O Insurers shall have any supervisory or other authority with respect to the Escrow Accounts.

5.      The Gross Settlement Fund shall be used to pay (i) any Fee and Expense Award; (ii) Class Notice and Administration Expenses; (iii) any Taxes and Tax Expenses; (iv) any Plaintiffs' Compensatory Awards; and (v) any other payment directed by the Court. The balance of the Gross Settlement Fund (inclusive of interest earned) shall be the "Net Settlement Fund."

   **B.     Handling and Disbursement of Funds by the Escrow Agent**

6.      No monies will be disbursed from the Settlement Fund until after the Effective Date except:

   (a)     To pay reasonable Class Notice and Administration Expenses as provided in Paragraph 10;

(b)     To pay Taxes and Tax Expenses (as defined in Paragraph 16) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior Order of Court; and

(c)     To pay any Fee and Expense Award as provided in and pursuant to Paragraphs 38 and 39.

7.     The Escrow Agent shall not use or disburse all or any part of the Settlement Fund held in the Escrow Accounts except as provided in this Settlement Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' Counsel and Lead Counsel.  The Escrow Agent will provide statements of account on a monthly basis to Lead Counsel.

8.     Subject to further order and/or direction as may be made by the Court or at the direction of Lead Counsel, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Settlement Stipulation.

9.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Stipulation, the Plan of Allocation, and/or further order(s) of the Court, or returned to the Settling Defendants' insurers or the Settling Defendants in the event that this Settlement is not consummated or is terminated pursuant to the provisions of Part XI below.

10.     Within five (5) Business Days after payment of the Settlement Amount into the Settlement Fund Escrow Account, the Escrow Agent may deposit up to $250,000 from the Gross Settlement Fund into a Class Notice and Administration Fund Escrow Account. Monies deposited in the Class Notice and Administration Fund Escrow Account may be used by the

Claims Administrator to pay Class Notice and Administration Expenses. After the Effective Date, any residual monies held in the Class Notice and Administration Fund Escrow Account upon the completion of notice and claims administration for the Settlement shall be transferred to the Settlement Fund Escrow Account. Any remaining reasonable and necessary Notice and Administration Expenses (not exceeding $250,000) shall be paid out of the Settlement Administration and Escrow Accounts without further order of the Court.

11.     Settling Defendants and Settling Defendants' Released Parties shall have no responsibility or liability for Plan of Allocation or otherwise for the allocation of the Settlement Fund among the Class Members or any portion of the Fee and Expense Award or any Taxes or Tax Expenses (as referred to in paragraphs 6(b) and 10).

12.     All payments of Class Notice and Administration Expenses, Taxes and Tax Expenses, and any portion of the Fee and Expense Award shall be paid solely from the Settlement Fund Escrow Account and not by Plaintiffs, Plaintiffs' Counsel, members of the Class, or the Released Parties.  Except as expressly stated in this Settlement Stipulation, there shall be no liability on the part of the Plaintiffs' Released Parties, Plaintiffs' Counsel, Settling Defendants' Released Parties, or Settling Defendants' Counsel for Class Notice and Administration Expenses, Taxes and Tax Expenses, any other fees or costs of the Claims Administrator, and any other cost of administering the Settlement Fund; in no event shall the Settling Defendants' Released Parties have any monetary obligation whatsoever beyond their respective obligations with respect to the Gross Settlement Fund as provided in Paragraph 2 above.

13.     Lead Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Class Notice and Administration Fund Escrow Account shall be used solely to fund reasonable

21

Class Notice and Administration Expenses.  If the Effective Date does not occur or this Settlement Stipulation is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund to Settling Defendants or the Settling Defendants' D&O Insurers the balance remaining in the Class Notice and Administration Fund Escrow Account, in proportion to their contribution to the Settlement Fund. In no event shall Plaintiffs, Lead Counsel, or the Class be liable to the Settling Defendants for any sums used to fund such properly incurred Class Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees or costs of the Claims Administrator incurred providing reasonable class notice.

### C.    Taxes and Tax Expenses

14.    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent, shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Part III.C, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

15.    The Escrow Agent shall be the "administrator" of the Settlement Fund, as that term is used in Treas. Reg. § 1.468B-2(k)(3). As administrator, the Escrow Agent shall timely prepare and file all required Tax returns with respect to the Settlement Funds, including, without limitation, the returns described in Treas. Reg.§§ 1.468B-2(k)(l) and 1.468B-2(1)(2). Such returns (as well as the election described in Paragraph 14) shall be consistent with this Part III.C

and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in Paragraph 16 below.

16.     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, and expenses and costs incurred in connection with the operation and implementation of this Part III.C (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in Paragraph 15) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund.  Settling Defendants' Released Parties, Settling Defendants' Counsel, Lead Plaintiffs, and Lead Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. Taxes and Tax Expenses shall be treated as, and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court.  The Escrow Agent shall indemnify and hold each of the Settling Defendants' Released Parties and Settling Defendants' Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any indemnification payments). The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)). Neither Settling Defendants' Released Parties, Settling Defendants' Counsel, Plaintiffs, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Part III.C.

## IV.   CLASS CERTIFICATION

17.     The Settling Parties hereby stipulate to certification of the Class, pursuant to Federal Rules of Civil Procedure 23(a)), solely for purposes of this Settlement subject to paragraph 56.  The certification of the Class shall be binding only with respect to the Settlement and only upon the occurrence of the Effective Date, which includes the Judgment becoming Final.

## V.   RELEASES

18.     The obligations incurred pursuant to this Settlement Stipulation shall be a full and final disposition of the Action against the Settling Defendants, any and all Released Plaintiffs' Claims, and any and all Released Settling Defendants' Claims, as against all Released Parties.

19.     Upon the Effective Date, Plaintiffs and every Class Member, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, and Plaintiffs' Released Parties shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Settling Defendants, and each of them, and any and all of the Settling Defendants' Released Parties, and shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining or asserting any Released Plaintiffs' Claim, or assisting any Person in instituting, prosecuting, participating, continuing, maintaining or asserting any Released Plaintiffs' Claim, against any of the Settling Defendants' Released Parties, whether directly or indirectly, whether in the United States or

24

elsewhere, whether on their own behalf or on behalf of any other Person, and regardless of whether or not such Class Member executes and delivers the Proof of Claim. By entering into this Settlement Agreement, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Plaintiffs' Claims, or any of them, to any other Person.

20.   Upon the Effective Date, Settling Defendants, and each of them, on behalf of themselves and Settling Defendants' Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Settling Defendants' Claims against Plaintiffs and any and all of the Plaintiffs' Released Parties including, but not limited to, Plaintiffs' Counsel.  By entering into this Settlement Agreement, the Settling Defendants represent and warrant that they have not assigned, hypothecated, conveyed, transferred or otherwise granted or given any interest in the Released Settling Defendants' Claims, or any of them, to any other Person.

21.   Only those Class Members filing valid and timely Proof of Claim forms shall be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund. The Proof of Claim to be executed by Class Members shall release all Released Plaintiffs' Claims against Settling Defendants and Settling Defendants' Released Parties, and shall be substantially in the form contained in Exhibit 2 to Exhibit A annexed hereto.

22.   All Class Members not submitting valid and timely requests for exclusion shall be bound by the releases set forth in this Section V, whether or not they submit a valid and timely Proof of Claim.

## VII.   PRELIMINARY APPROVAL HEARING AND ORDER

23.   Promptly after this Settlement Stipulation has been fully executed, Lead Counsel

27886313.v2

shall submit the fully executed Settlement Stipulation together with its Exhibits to the Court and shall request that the Court enter the Preliminary Approval Order, approve the mailing and publication of the Notice and Publication Notice, substantially in the form of Exhibits 1 and Exhibit 3 to Exhibit A annexed hereto, which shall include the general terms of the Settlement set forth in this Settlement Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Award Application (as defined in Paragraph 38) and the date of the Settlement Hearing as defined below.

24.     At the time of the joint submission described in Paragraph 23, Lead Counsel and Settling Defendants' Counsel shall also jointly request that, after Notice is given, the Court hold a hearing (the "Settlement Hearing"), among other things, to certify the Class and grant final approval of this Settlement as contemplated by the Preliminary Approval Order annexed hereto as Exhibit A.  To permit compliance with the settlement notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the Settlement Hearing shall take place no earlier than 100 calendar days after the filing of this Settlement Stipulation. At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Award Application, and the Plaintiffs' Compensatory Awards, if any.

25.     Any Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Stipulation, to the Plan of Allocation, to any term(s) of this Settlement Stipulation, to the Fee and Expense Award Application, or to any Plaintiffs' Compensatory Awards must file with, or mail to, the Court by no later than the time set out in the Preliminary Approval Order (attached as Exhibit A hereto) or as the Court may otherwise direct, a statement of their, his, her or its objection(s); provided however, that a potential Class Member who submits a Request for Exclusion, as defined below, from the Class shall not be able

to submit an objection.   If a Class Member timely and properly serves and files written objections, as set forth in this paragraph, Lead Counsel and Settling Defendants' Counsel may, as they deem appropriate, submit papers in support of the Settlement Stipulation, the Plan of Allocation, any term(s) of this Settlement Stipulation, to the Fee and Expense Award Application, or to the Plaintiffs' Compensatory Award no later than the time set out in the Preliminary Approval Order (attached as Exhibit A hereto) or as the Court may otherwise direct.

26.      The statement of objection of the Class Member shall state (a) whether the Class Member is a Class Member, (b) which part of the Settlement, term(s) of the Settlement Stipulation, Fee and Expense Award Application, and/or Plaintiffs' Compensatory Awards the Class Member objects to and (c) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Such Class Member shall also provide documentation sufficient to establish the amount of publicly-traded Galena common stock purchased and sold during the Class Period, and the prices and dates of each transaction. Failure to provide such information and documentation shall be grounds to void the objection.

27.      Any Class Member who fails to comply with any of the provisions of Paragraphs 25-26 of this Settlement Stipulation shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Settlement Hearing and/or to object to this Settlement Stipulation, and shall be bound by all the terms of this Settlement Stipulation, and by all proceedings, orders and judgments in the Action.

## VIII.   ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND SUPERVISION AND DISTRIBUTION OF THE NET SETTLEMENT FUND

28.      The Claims Administrator, acting on behalf of the Class, and subject to such

supervision and direction of the Court or Lead Counsel as may be necessary or as the circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Settling Defendants' Released Parties shall not have any role in, or responsibility or liability to any Person, including without limitation, the Plaintiffs, Class Members or Lead Counsel, for the administration of the Settlement or the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Settling Defendants in connection with such matters.

29.     The Settlement Fund shall be applied as follows:

(a)     To pay the Taxes and Tax Expenses as provided in Paragraph 16 above;

(b)     To pay all reasonable Class Notice and Administration Expenses as provided in Paragraph 10, including any additional fees and expenses reasonably incurred by the Claims Administrator in the administration of the Settlement Fund;

(c)     To pay any Fee and Expense Award with interest thereon granted by the Court as provided in Paragraph 38 (the "Fee and Expense Award");

(d)     To pay a Compensatory Award to the Plaintiffs as provided in Paragraph 24, in the event and to the extent any such award is sought and allowed by the Court;

(e)     Following the Effective Date, to distribute the balance of the Net Settlement Fund to Authorized Claimants as allowed by this Settlement Stipulation, the Plan of Allocation, or the Court.

30.     Following the Effective Date, in accordance with the terms of this Settlement Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Claims Administrator shall disburse the Net Settlement Fund, under Lead Counsel's supervision, subject to and in accordance with the

following:

(a)    Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Preliminary Approval Order, Exhibit A hereto, and is postmarked no later than no later than the time set out in the Preliminary Approval Order (attached as Exhibit A hereto) or as the Court may otherwise direct. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and receive payments pursuant to this Settlement Stipulation and Settlement provided the Class Member also submits a valid Proof of Claim, as set forth in this paragraph 30;

(b)    Each Class Member who wishes to participate in the distributions from the Net Settlement Fund must return a completed Proof of Claim, signed under penalty of perjury pursuant to 28 U.S.C. § 1746 and supported by such documents as specified in the Proof of Claim, including proof of the claimant's loss, no later 60 calendar days after the entry of the Court's order providing for preliminary approval of the Settlement. A sample Proof of Claim proposed by the Settling Parties is annexed hereto as Exhibit 2 to Exhibit A. The address to which the Proof of Claim must be mailed shall be set forth on the Proof of Claim itself and shall also be printed in the Notice. If sent by first-class mail, such Proof of Claim must be postmarked no later than a date set forth in the Notice (unless that date is extended by order of the Court). If sent by any manner other than by first-class mail, the Proof of Claim must actually be received by the Claims Administrator by the date set forth in the Notice (unless that date is extended by

order of the Court).

(c)     The validity of each claim submitted will be initially determined by the Claims Administrator, acting under Lead Counsel's supervision as necessary, in accordance with the Plan of Allocation approved by the Court. Lead Counsel, the Claims Administrator, and the Settling Defendants' Released Parties shall not have any liability arising out of said determination.  If a Class Member disagrees with such determination, the dispute shall be submitted to the Court for summary resolution.  Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to that Class Member's claim against the Net Settlement Fund.

(d)     All initial determinations as to the validity of a Proof of Claim, the calculation of the extent to which each Authorized Claimant will participate in the Net Settlement Fund, the preparation and mailing of distributions to Authorized Claimants, and the distribution of the Net Settlement Fund shall be performed by the Claims Administrator subject, as circumstances may require, to supervision by Lead Counsel or such other persons or entities as Lead Counsel may, in its sole discretion, deem necessary or advisable to assist it in the administration of this Settlement Stipulation. All proceedings with respect to the administration of the Settlement Fund, and the administration, processing and determination of Class Members' claim requests, and the determination of all controversies related thereto, including disputed questions of law and fact with respect to the validity of any Proof of Claim or regarding rejection of any claims submitted, shall remain under the jurisdiction of the Court and shall be governed by, and construed in accordance with, the laws of the State of Oregon without regard to choice or conflicts-of-laws principles.

(e)     Except as otherwise ordered by the Court, all Class Members who fail to timely

submit a properly completed and signed Proof of Claim consistent with the procedures set forth in this Settlement Stipulation or who file a Proof of Claim that is ultimately rejected, shall be forever barred from receiving any payments pursuant to this Settlement Stipulation and Settlement, but shall nevertheless be barred and enjoined from bringing any action against the Released Parties concerning the Released Plaintiffs' Claims and subject to and bound by the provisions of this Settlement Stipulation, the Judgment, and all proceedings, rulings, orders, and judgments in this Action, including, without limitation, the release of the Released Plaintiffs' Claims and the dismissal with prejudice of this Action.  Notwithstanding the foregoing, the Claims Administrator, with the approval of Lead Counsel, may accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

31.     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice mailed to Class Members and approved by the Court.  The Settling Defendants' Released Parties shall have neither the right nor the duty to participate in the determination of how the Net Settlement Fund is distributed to the Class. The Plan of Allocation shall not be a part of the Settlement Stipulation and any order or proceeding related to said Plan of Allocation shall not operate to terminate or cancel this Settlement Stipulation or affect the finality of the Court's Judgment approving this Settlement Stipulation and the Settlement it describes, or any other orders entered pursuant to this Settlement Stipulation.

32.     Lead Counsel will apply to the Court, on notice to Settling Defendants' Counsel, for a Distribution Order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the submitted Proofs of Claim and approving any

Class Notice and Administration Expenses (including but not limited to the fees and expenses of the Claims Administrator) or Taxes and Tax Expenses not previously applied for and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation and the Claims Administrator's determinations.

33.     No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court. No Person shall have any claim under any circumstances against the Settling Defendants' Released Parties, based on any distributions, determinations, claim rejections or the design, terms or implementation of the Plan of Allocation.

34.     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court. However, if any balance remains in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in a manner consistent with the Plan of Allocation. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to a not-for-profit organization designated by Plaintiffs' Counsel. This is not a claims-made settlement and, if all conditions of the Settlement Stipulation are satisfied and the Settlement becomes final, no portion of the Settlement Fund will be returned to the Settling Defendants or their insurance carriers. Settling Defendants' Released Parties shall have no

responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

35.    None of the Settling Defendants' Released Parties shall have any responsibility for or liability whatsoever with respect to (i) any act, omission or determination of Lead Counsel, the Claims Administrator, or the Escrow Agent, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, Tax Expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

36.    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Settlement Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Settlement Stipulation or affect the finality of the Court's Judgment approving this Settlement Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Settlement Stipulation.

37.    After Notice is given, Lead Counsel will request that the Court approve the

27886313.v2

proposed Plan of Allocation, the Fee and Expense Award Application, and the Compensatory Award, and the Settling Parties shall request and obtain from the Court a Judgment substantially in the form annexed to this Agreement as Exhibit B.

## IX.   ATTORNEYS' FEE AND EXPENSE AWARD AND PLAINTIFFS' COMPENSATORY AWARD

38.     Lead Counsel will apply to the Court for a Fee and Expense Award (the "Fee and Expense Award Application") to be paid as provided in Paragraph 39 subject to the obligation of Lead Counsel to make appropriate refunds as required pursuant to Paragraphs 40 and 41 below. Lead Counsel may request up to 33% of the Settlement Fund (including up to 33% the shares to be issued pursuant to Paragraph 2, above) as compensation for Lead Counsel's efforts on behalf of the Class.  The Settling Defendants Released Parties will take no position with respect to the Fee and Expense Award Application. Lead Counsel reserves the right to make additional applications for reimbursement of expenses to be paid solely from the Gross Settlement Fund (including Class Notice and Administration Expenses) incurred subsequent to the initial application for a Fee and Expense Award, if necessary.

39.     Subject to the restrictions in Paragraphs 40-41 below, any cash portion of the Fee and Expense Award, as awarded by the Court, shall be payable to Lead Counsel solely from the Gross Settlement Fund five (5) Business Days after entry of (a) the Court's Order granting the Fee and Expense Award.

40.     If the Effective Date does not occur or if this Settlement Stipulation is terminated, then any Fee and Expense Award is no longer payable.  In the event that any portion of the Fee and Expense Award is paid from the Gross Settlement Fund, and the Effective Date does not occur or this Settlement Stipulation is terminated, Lead Counsel shall have the joint and several obligation to, and shall within seven (7) Business Days from the event which precludes the

Effective Date from occurring or the termination of the Settlement Stipulation, refund to the Gross Settlement Fund the portion of the Fee and Expense Award paid to Lead Counsel.  Lead Counsel, as a condition of receiving the Fee and Expense Award, agrees that it is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph 40 and Paragraph 41 below.

41.    Lead Counsel agrees to refund to the Gross Settlement Fund, and shall have the joint and several obligation to make such refunds of, any award of attorneys' fees and expenses by the Court paid to Lead Counsel in the event the Court's Fee and Expense Award is reduced or reversed on appeal within ten (10) Business Days of a Final order directing such reduction or reversal.

42.    The procedure for and allowance or disallowance by the Court of any application for a Fee and Expense Award to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Settlement Stipulation and are to be considered by the Court at the Settlement Hearing, but separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Settlement Stipulation. None of the Settling Parties may terminate or cancel the Settlement Stipulation on the basis of the amount of any Fee and Expense Award.  Any order or proceedings relating to the Fee and Expense Award or Fee and Expense Award Application, or any appeal from any order relating to such Fee and Expense Award or reversal or modification thereof, shall not modify, terminate or cancel this Settlement Stipulation, or affect or delay the finality of the Judgment approving this Settlement Stipulation and the Settlement of the Action.

43.    Settling Defendants and Settling Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any fees, costs or expenses

(including without limitation any Fee and Expense Award) incurred or sought by Lead Counsel or any other Person who receives payment from the Gross Settlement Fund.

44.     Settling Defendants and Settling Defendants' Released Parties also shall have no responsibility for, and no liability whatsoever with respect to, any fees, costs or expenses (including without limitation any Fee and Expense Award) with respect to the allocation among Lead Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

45.     Lead Counsel has advised Settling Defendants that Lead Counsel may submit an application to the Court (a) authorizing the payment of a Compensatory Award for the time and expenses expended by Plaintiffs in assisting Lead Counsel in the litigation of this Action, and (b) requesting that, subject to the payment terms in Paragraphs 24, payment for any Compensatory Award payable in cash shall be payable to Plaintiffs five (5) days after the Effective Date.

## X.     FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

46.     Upon the Court's approval of this Settlement Stipulation, the Settling Parties shall request that the Court enter Judgment in all material respects in the form set forth in Exhibit B, dismissing this Action as against the Settling Defendants with prejudice.

47.     The Judgment proposed to the Court shall include a bar order consistent with the terms of 15 U.S.C. § 78u-4(f)(7)(A) & (B) which states that:

(i)     To the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, any person or entity is hereby permanently barred, enjoined and restrained from commencing, prosecuting or asserting any and all claims against the Settling Defendants' Released Parties, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract,

misrepresentation, and/or negligence) where the alleged injury to the claimant is claimant's alleged liability to Class Members arising out of or related in any way to the claims or allegations in the Action, including any amounts agreed to be paid to the Class Members in settlement (whether in cash or any other form of consideration), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere;

(ii)    To the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation, the Settling Defendants' Released Parties are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any and all claims against the Settling Defendants, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract, misrepresentation, and/or negligence) where the alleged injury to the Settling Defendants' Released Parties is the Settling Defendants' liability to Class Members arising out of or related in any way to the claims or allegations in the Action, including any amounts the Settling Defendants' Released Parties have paid or agreed to pay (whether in cash or any other form of consideration) to the Class Members in settlement, whether arising under state, federal or foreign law  as claims, cross-claims, counterclaims, or third-party claims, in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere.

## XI.    EFFECTIVE DATE OF SETTLEMENT, MODIFICATION AND TERMINATION

48.    The Effective Date of the Settlement Stipulation (the "Effective Date") shall be the date on which all the following conditions of settlement shall have occurred:

(a)    Deposit of the Settlement Amount into the Settlement Fund in accordance with Paragraph 2 above;

(b)    Approval by the Court of the Settlement, following Notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)    Entry by the Court of the Judgment in all material respects in the form set forth in Exhibit B, and the Judgment becoming Final, as defined in Paragraph 1(m) above.

(d)    The conclusion of Lead Counsel's due diligence and investigation concerning the factual and legal issues in the Action, Settlement, and the fairness of its terms;

(e)    Final approval of settlement of all the Derivative Actions; *provided however* that issuance of an order on the plaintiffs' counsel application for attorneys' fees in the Derivative Actions is not a condition of settlement. For the avoidance of doubt, the Effective Date shall occur even if no court has yet issued an order awarding attorney' fees award in any of the Derivative Actions;

(f)    Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any Fee and Expense Award, or (c) the granting of a Compensatory Award to Lead Plaintiffs shall not affect, alter, or delay the occurrence of the Effective Date.

49.    Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants and their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Settlement Stipulation.  The Settlement Fund shall be distributed in accordance with Part VIII above.

50.    In the event that this Settlement Stipulation is not approved by the Court, or the Effective Date does not occur, then this Settlement Stipulation shall be canceled and terminated subject to Paragraph 51 below unless Lead Counsel and Settling Defendants' Counsel mutually

agree in writing to proceed with this Settlement Stipulation.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed to in this Settlement Stipulation. Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Settlement Stipulation, no breach by any Party of its obligations under this Settlement Stipulation shall permit any other Party to terminate this Settlement Stipulation or, after the Effective Date, affect or impair the disposition of the Action or release of claims contemplated by Part V above.

51.    Unless otherwise ordered by the Court, in the event the Settlement Stipulation is terminated, or is canceled, or shall not become effective for any reason, within seven (7) Business Days after written notification of such event is sent by Settling Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of Paragraph 54 below, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to Paragraphs 10 or 16 above, shall be refunded by the Escrow Agent to the D&O Insurers, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by wire transfer pursuant to written instructions from Settling Defendants' Counsel. At the request of Settling Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to Settling Defendants and their insurers in proportion to their contributions to the Settlement Fund.

52.    If the Settlement Stipulation is not approved by the Court or the Settlement set forth in the Settlement Stipulation is terminated or fails to become effective in accordance with

its terms, the Settling Parties shall be restored to their respective positions in the Litigation immediately prior to the Execution Date of this Settlement Stipulation and no claims, rights or defenses, whether legal or equitable, of any of the Settling Parties that existed prior to executing this Settlement Stipulation shall be diminished or prejudiced in any way. In such event, the terms and provisions of the Settlement Stipulation, with the exception of Paragraphs 1(a)-(pp)), 50-53 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any Fee and Expense Award by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Settlement Stipulation.

53. If the Effective Date does not occur, neither Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any Class Notice and Administration Expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to this Settlement Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Settlement Stipulation prior to the balance being refunded in accordance with Paragraph 51.

54. Lead Plaintiffs, on behalf of the Class, or the Settling Defendants shall, in each of their separate discretions, have the right to terminate the Settlement, and thereby this Settlement Stipulation, as to themselves, by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties hereto within thirty (30) days of:

(a)    the Court's declining to enter the Preliminary Approval Order substantially in the form annexed as Exhibit A hereto;

(b)    the Court refusing to approve the Settlement as set forth in this Settlement Stipulation or any material part of it;

(c)    the Court's declining to enter the Judgment in any material respect; or

(d)    the date upon which the Judgment is modified or reversed by the Court of Appeals or the Supreme Court in any material respect.

55.    Lead Plaintiffs shall also have the right to terminate this Settlement if Settling Defendants and/or Settling Defendants' D&O Insurers do not timely make (or cause to be made) the payments as provided in Paragraph 2 of this Settlement Stipulation, including the issuance of stock.

56.    The Settling Defendants shall have the right to withdraw from and terminate the Settlement in its entirety, and to render the Settlement Stipulation null and void, if the Court refuses to certify a Class for the purposes of settlement pursuant to Rule 23.  In the event of this withdrawal and termination, the Settling Defendants shall not have any obligation whatsoever to proceed under any terms other than provided for and agreed to in this Settlement Stipulation. The election provided for in this paragraph must be made and communicated in writing to Lead Counsel within ten (10) days following denial of class certification for purposes of settlement.

57.    The Settlement may be terminated at the option and in the sole discretion of the Settling Defendants in the event that Class Members who, during the Class Period, purchased or otherwise acquired Galena common stock timely and validly request exclusion from the Class and the Termination Threshold, as such term is defined in a separate agreement between Counsel for the Settling Defendants and Lead Plaintiffs' Counsel (the "Supplemental Agreement") is met.

27886313.v2

The total amount of Galena common stock purchased by such Class Members shall be calculated using the information provided by such Class Members in their requests for exclusion. The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the parties to the Supplemental Agreement concerning its interpretation or application arises, in which case those parties shall seek to file it with the Court under seal.

## XII.   MISCELLANEOUS PROVISIONS

58.     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Stipulation. Lead Counsel and Settling Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement. To the extent the Settling Parties are unable to reach agreement concerning such best efforts, any Settling Party may refer the matter to Judge Layn R. Phillips for resolution, subject to ultimate Court approval, with the fees and expenses of Judge Layn R. Phillips to be divided equally between Plaintiffs on the one hand, and Settling Defendants on the other hand.

59.     The Settling Parties intend this Settlement Stipulation to be a final and complete resolution of all disputes that have arisen or could have arisen between them or among the Plaintiffs and the Class Members on the one hand, and the Settling Defendants and the Settling Defendants' Released Parties on the other hand, with respect to the matters alleged in the Complaint, and all claims that have been asserted or that could have been asserted by Plaintiffs

and the Class Members against the Settling Defendants' Released Parties with respect to the Released Plaintiffs' Claims.

60. The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Settling Parties agree not to assert in any forum that the Action was brought by Lead Plaintiffs or defended by any the Settling Defendants, or each or any of them, in bad faith or without a reasonable basis. The Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

61. The Settling Parties and their respective counsel agree to keep the information disclosed to them in connection with mediation and settlement negotiations confidential unless required to publicly disclose such information by applicable law, in which case written notice as to the content of any public communication shall be provided to all other Settling Parties at least three (3) business days prior to disclosure. In the event any of the Settling Parties wish to make a voluntary public disclosure regarding the Settlement, its terms, conditions or obligations (other than the fact that this case was resolved by Settlement), such Settling Party shall provide advance notice to all other Settling Parties as to the content of any such public communication at least three (3) Business Days prior to making such disclosure.

62. Except for the purposes of enforcing the Settlement, this Settlement Stipulation and Settlement, whether or not the Effective Date occurs or this Settlement Stipulation is

terminated, any of its provisions, any negotiations, proceedings or agreements relating to this Settlement Stipulation and Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Settlement Stipulation or the Settlement:

(a)     shall not be offered or received against any of the Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as evidence of a presumption, admission, or concession of any kind;

(b)     shall not be offered or received against any of the Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as an admission, with respect to the truth of any fact alleged in the Complaint or the validity of any Released Plaintiffs' Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault or wrongdoing of the Settling Defendants;

(c)     shall not be offered or received against any of the Settling Defendants or Settling Defendants' Released Parties, or each or any of them, as a concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant and the Settling Defendants' Released Parties, or any of them;

(d)     shall not be offered or received against Plaintiffs, the Class, Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any Released Settling Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Settling Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(e)     shall not be offered or received against Plaintiffs, the Class, and Plaintiffs' Released Parties, or each or any of them, or against Settling Defendants, Settling Defendants'

Released Parties, or each or any of them, as evidence of any liability, negligence, fault or wrongdoing as against any Settling Parties to the Settlement Stipulation, in any other civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Stipulation and/or Settlement may be used in any proceeding as may be necessary to effectuate and enforce the provisions of this Settlement Stipulation. Moreover, if this Settlement Stipulation is approved by the Court, any Party, Settling Defendants' Released Parties, or Plaintiffs' Released Parties may file this Settlement Stipulation and/or Judgment or refer to this Settlement Stipulation and/or Judgment to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim under U.S. federal or state law or foreign law, or to otherwise effectuate the release of any and all released claims and other liability protections granted hereunder;

(f)     shall not be construed against Plaintiffs, the Class, and Plaintiffs' Released Parties, or each or any of them, or against Settling Defendants, Settling Defendants' Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial;

(g)     shall not be construed as or received in evidence as an admission or concession, or presumption against Plaintiffs, the Class, and Plaintiffs' Released Parties, or each and any of them, or against Settling Defendants, Settling Defendants' Released Parties, or each or any of them, that any of their claims or defenses are with or without merit or that damages recoverable

27886313.v2

under the Complaint would have exceeded or would have been less than the Settlement Fund; and

(h)    shall not, in the event of Termination, be used by any Party for any purpose in any trial in this Action.

63.    The headings and captions used herein are used for the purpose of convenience only and are not meant to have legal effect and in no way define, limit, extend or describe the scope of this Settlement Stipulation or the intent of any provision hereof.

64.    The waiver by one party of any breach of this Settlement Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Stipulation.

65.    All of the Exhibits to this Settlement Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

66.    This Settlement Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

67.    This Settlement Stipulation, the Exhibits annexed hereto, and the Supplemental Agreement referred to in Paragraph 56 hereto constitute the sole and entire agreement among the Settling Parties, and no representations, warranties, inducements, promises or agreements, oral or otherwise, have been made to any party concerning this Settlement Stipulation or its Exhibits or the Supplemental Agreement other than those contained and memorialized in such documents. Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby.  Except as otherwise provided herein, each Party shall bear its own fees and costs.

68.    Lead Counsel, with approval of Plaintiffs, on behalf of the Class, is expressly

authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Settlement Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Settlement Stipulation on behalf of the Class that it deems appropriate.

69.     Each counsel or other Person executing this Settlement Stipulation, any of its Exhibits, or any related settlement documents on behalf of any Party hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Stipulation to effectuate its terms.

70.     This Settlement Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  This Settlement Stipulation may be executed by exchange of faxed or e-mailed (in .pdf format) executed signature pages, and any signature thereby transmitted shall be deemed an original signature for purposes of this Settlement Stipulation.

71.     This Settlement Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, parents, successors and assigns of the Settling Parties, the Settling Defendants' Released Parties, and the Plaintiffs' Released Parties, including any corporation, trust, partnership or other entity into which any Party heretofore has merged or with which it has been consolidated or hereafter may merge or consolidate.

72.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Stipulation.

27886313.v2

73.      This Settlement Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Oregon. The construction, interpretation, operation, effect and validity of this Settlement Stipulation and any ancillary documents necessary to effectuate it shall be governed by, construed, and enforced in accordance with the internal, substantive laws of the State of Oregon without giving effect to that State's choice or conflicts-of-laws principles, except to the extent that federal law requires that federal law governs.

74.      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Stipulation, and the administration and consummation of the Settlement Stipulation embodied therein.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Settlement Stipulation.

75.      The Settling Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or modifications to the Exhibits that might be necessary to carry out any of the provisions of this Settlement Stipulation.

76.      All Settling Parties agree that this Settlement Stipulation was drafted by counsel for the Settling Parties in good faith and at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Settling Parties or their counsel, or the circumstances under which the Settlement Stipulation was made or executed.  This Settlement Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared or drafted by counsel for that Settling Party.  It is recognized that this Settlement Stipulation was the result

48

of arm's length negotiations between counsel for the Settling Parties.

77.     All Settling Parties contributed substantially and materially to the preparation of this Settlement Stipulation.

78.     In the event that any one or more of the material provisions contained in this Settlement Stipulation shall for any reason be held to be invalid, illegal, or unenforceable in any respect, this Settlement Stipulation shall not be binding on a Party without the consent of such Settling Party to the change resulting from such finding or holding.

79.     By making their application for approval of this Settlement Stipulation, Plaintiffs' Counsel and Settling Defendants' Counsel shall not be deemed to have waived any attorney-client privilege or other privilege, work product protection or other protection or immunity, and all information and documents transmitted between Plaintiffs' Counsel and Settling Defendants' Counsel in connection with the mediation and this Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or tribunal.

80.     Whenever this Settlement Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be provided by facsimile, electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery, to the facsimile number or address, as the case may be, set forth below:

**If to Defendants, then to:**

Paul R. Bessette
Michael J. Biles
**King & Spalding LLP**
pbessette@kslaw.com
mbiles@kslaw.com
401 Congress Avenue, Suite 3200
Austin, Texas  78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

Jonathan R. Tuttle
**Debevoise & Plimpton LLP**
jrtuttle@debevoise.com
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000
Fascimile: (202) 383-8118

Robert L. Aldisert
**Perkins Coie LLP**
raldisert@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2000
Fascimile: (503) 727-2222

**If to Plaintiffs, then to**:

Patrick V. Dahlstrom
Leigh Handelman Smollar
**Pomerantz LLP**
pdahlstrom@pomlaw.com
lsmollar@pomlaw.com
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel:  (312) 377-1181

Laurence Matthew Rosen
**The Rosen Law Firm, P.A.**
lrosen@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

50

80.    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Settlement Stipulation or by order of the Court, the day of the act, event or default from which the designated period of time begins to run shall not be included.

81.    The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Stipulation.

82.    No part of the Settlement Amount, once it is deposited into the Escrow Account, shall be used to settle any other action, including without limitation the Derivative Actions, as well as *Hosie Kenneth Riley v. Galena Biopharma, Inc.*, et. al., 3:15-cv-01748-AC (D. OR.), nor shall any part of the Settlement Amount be paid to the plaintiffs or their counsel in those Actions. Settling Defendants acknowledge that the amount of Settlement Consideration was separately negotiated and agreed with Lead Plaintiffs before and independent of the settlement of any of the derivative actions.

83.    Settling Defendants acknowledge, and will not take a contrary position or represent otherwise, that (i)  the amount of the Settlement Consideration recovered for the Settlement Class, and the Settlement Stipulation, are entirely attributable to the  actions and efforts of the Plaintiffs and Plaintiffs' Counsel in the Securities Class Action and the merits of the claims and defenses asserted in the Securities Action; and (ii) the Settlement Consideration, the MOU and the material terms of the Settlement Stipulation were negotiated by Plaintiffs in the Securities Class Action and their counsel prior to any resolution o f any of the Derivative Actions.

27886313.v2

Dated: _February 10, 2016_

By: _[signature]_

**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh Handelman Smollar
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel:  (312) 377-1181


Laurence Matthew Rosen
Jonathan Horne
**The Rosen Law Firm, P.A.**
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

*Lead Counsel for Lead Plaintiffs and the*
*Proposed Class*

By: _____
    Paul R. Bessette

Paul R. Bessette
Michael J. Biles
**King & Spalding LLP**
401 Congress Avenue, Suite 3200
Austin, Texas  78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

Lois O. Rosenbaum
Stoel Rives, LLP
900 SW 5th Avenue, Suite 2600
Portland, Oregon 97204
Telephone: (503) 294-9293
Fax:  (503) 220-2480

*Counsel for Defendants Galena Biopharma,*
*Inc., Ryan M. Dunlap, Remy Bernarda, and*
*Mark Schwartz*


By: _____
    Robert L. Aldisert

Robert L. Aldisert
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Defendants Rudolph*
*Nisi, Sanford Hillsberg, Steven*
*Kriegsman, Stephen Galliker, and*
*Richard Chin*

Dated: _____


By: _____

**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh Handelman Smollar
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel:  (312) 377-1181


Laurence Matthew Rosen
Jonathan Horne
**The Rosen Law Firm, P.A.**
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

***Lead Counsel for Lead Plaintiffs and the
Proposed Class***


By: _____
     Paul R. Bessette

Paul R. Bessette
Michael J. Biles
**King & Spalding LLP**
401 Congress Avenue, Suite 3200
Austin, Texas  78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

Lois O. Rosenbaum
Stoel Rives, LLP
900 SW 5th Avenue, Suite 2600
Portland, Oregon 97204
Telephone: (503) 294-9293
Fax:  (503) 220-2480

***Counsel for Defendants Galena Biopharma,
Inc., Ryan M. Dunlap, Remy Bernarda, and
Mark Schwartz***


By: _____
     Robert L. Aldisert

Robert L. Aldisert
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

***Attorneys for Defendants Rudolph
Nisi, Sanford Hillsberg, Steven
Kriegsman, Stephen Galliker, and
Richard Chin***

52

Dated: _____


By: _____


**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh Handelman Smollar
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Tel: (312) 377-1181


Laurence Matthew Rosen
Jonathan Horne
**The Rosen Law Firm, P.A.**
275 Madison Avenue, 34th Floor
New York,, NY 10016
Telephone: (212)-686-1060
Facsimile: (212)-202-3827

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

By: _____
    Paul R. Bessette

Paul R. Bessette
Michael J. Biles
**King & Spalding LLP**
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

Lois O. Rosenbaum
Stoel Rives, LLP
900 SW 5th Avenue, Suite 2600
Portland, Oregon 97204
Telephone: (503) 294-9293
Fax: (503) 220-2480

*Counsel for Defendants Galena Biopharma, Inc., Ryan M. Dunlap, Remy Bernarda, and Mark Schwartz*

By: _____
    Robert L. Aldisert

Robert L. Aldisert
**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for Defendants Rudolph Nisi, Sanford Hillsberg, Steven Kriegsman, Stephen Galliker, and Richard Chin*

27886313.v2

By: _Jonathan R. Tuttle (with authorization)_
        Jonathan R. Tuttle

Jonathan R. Tuttle
Scott N. Auby
**Debevoise & Plimpton LLP**
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000

*Attorneys for Mark J. Ahn*

53